**William Joseph MELTON, Appellant,**

v.

*The STATE of Texas, Appellee.*

No. 37769.

Court of Criminal Appeals of Texas.

Feb. 24, 1965.

Rehearing Denied March 31, 1965.

W. Alfred Winder, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced under Art. 62, P.C. by a prior conviction of burglary, 12 years.

The indictment alleged the burglary of a house owned and occupied by W. W. Grosclose. He testified that he was Principal of Riverside Junior High School and had the care, custody and control of the band house and all other property there; that someone forced the door of the band house on the night of November 25, 1963, and an alto horn, an alto sax and a trombone were missing; that he did not give the appellant or anyone else permission to break and enter the band house, and that

the missing instruments were returned several days later by the police.

Charles Hoffman, band director, testified that he locked the door of the band house when he left the premises on November 25, 1963, as was his custom, and when he saw it the next morning it was obvious that it had been "pried or forced".

Three accomplice witnesses, two of them females, testified for the state. The girls testified in substance that appellant left them on the night in question saying he was going to try to get some money. He returned with two musical instruments which he said he got at Riverside High Band House—said he broke in the door and got them.

Upon appellant's request they went with appellant to the vicinity of the band house and watched outside while he entered and came out with another instrument. The next day they took the three instruments to Clifford Busby's house.

Donald Walton, student at Riverside Junior High, testified that he was familiar with the instruments and recognized the alto horn and Donnie Waugh's saxophone which two men were carrying to the back of a house. Mike Smith, who was with Walton, testified that he saw three boys and a girl sitting in a car and the boys were playing instruments which Donald said he recognized.

Clifford Busby, the third accomplice witness, testified that appellant asked him to sell or pawn the instruments and he agreed; that he pawned one at Leo's Pawn Shop and drove with Marion Akers to another pawn shop on Main Street where Akers took two horns in and brought back the money and that he pawned a horn at City Loan and Jewelry.

City Detective Max Victor, assigned to investigate the burglary, testified that he talked to Donald Walton at the school and discovered the location of the three horns after and as a result of a conversation with

appellant in which he said he had given them to Clifford Busby and he thought Busby had pawned them at French's Jewelry.

Police Officer H. O. Middleton testified that after talking to Walton, Smith and Waugh, and ascertaining who lived in the house and who owned the car the boys reported seeing in front of it, he had a conversation with appellant who told him he had left the instruments at Clifford Busby's house. Then he talked to Busby's mother. She later brought Clifford to the police station and Clifford directed him to three different pawn shops, at each of which one of the instruments was recovered.

As a witness in his own behalf, appellant testified that he had been living with the girls who were supporting him from their earnings as prostitutes; that Clifford Busby was there quite a bit and wanted money from them also; that they had an argument and he told Busby "to stay away from me and he did."

Appellant testified that he saw the musical instruments at the girls' apartment and they told him that they had come from a school and that the next day he and the girls took them to Busby's house. He denied that he went to the school for the purpose of stealing musical instruments or that he broke into the building. He denied that he told Officer Middleton this, or told him that Busby had them, or that he told Busby that he had gotten the instruments out of the Junior High School.

The state proved and appellant admitted the prior conviction for burglary alleged in the indictment and that he had been convicted of misdemeanor theft.

■ The jury resolved the issues of fact against appellant and we find the evidence sufficient to sustain the conviction.

■ Appellant's court appointed counsel on appeal alleges in his brief that appellant's trial counsel, also court appointed, was barred by the sheriff from entering the jail and appellant was never able to talk to

him until the day of the trial, for which reason neither appellant nor his counsel was fully prepared.

There is nothing in the record to support the representations in appellant's brief.

The indictment was filed February 18, 1964; counsel was appointed pursuant to appellant's request on February 28, 1964. The case was tried on June 10, 1964, the state and the defendant announcing ready for trial. We see no error.

The judgment is affirmed.